1  William D. Hyslop
2  United States Attorney
   Eastern District of Washington
3  David M. Herzog
   Assistant United States Attorney
4  Post Office Box 1494
5  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Feb 12, 2020

SEAN F. MCAVOY, CLERK

7
8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF WASHINGTON

10 | UNITED STATES OF AMERICA, | 2:19-CR-00086-WFN |
| | |
11 | | |
12 | Plaintiff, | Plea Agreement |
13 | v. | Pursuant to Federal Rule of Criminal |
14 | | Procedure 11(c)(1)(C) |
15 | CHARLES JAY EGLET | Global Disposition with the |
16 | (a/k/a "char.zard99" and "charlieeglet"), | State of Washington |
17 | Defendant. | Court: |
18 | | Hon. Wm Fremming Nielsen |
19 | | Senior United States District Judge |

20
21       Plaintiff United States of America, by and through William D. Hyslop, United
22  States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant
23  United States Attorney, and the State of Washington, by and through Larry Haskell,
24  Prosecuting Attorney for Spokane County, Washington, and Melissa Warrick, Deputy
25  Prosecuting Attorney, and Defendant Charles Jay Eglet, also known as "char.zard99"
26  and "charlieeglet" ("Defendant"), both individually and by and through Mr. Roger
27  Peven, Defendant's federal defense counsel, and Ms. Jocelyn Cook, Defendant's state
28  defense counsel, agree to the following Plea Agreement.

EGLET GLOBAL PLEA AGREEMENT – 1

1

Introduction

2    Defendant has been charged in state and federal court with a number of child

3    exploitation offenses.

4    On May 7, 2019, a federal Grand Jury returned an Indictment charging Defendant

5    with Online Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count One);

6    Sex Trafficking by Force, Fraud, or Coercion, in violation of 18 U.S.C. § 1591(a)(1),

7    (b)(1) (Count Two); Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1),

8    (b)(2) (Count 3); Receipt of Child Pornography, in violation of 18 U.S.C.

9    § 2252A(a)(2)(A), (b)(1) (Count Four); Production of Child Pornography, in violation

10   of 18 U.S.C. § 2251(a), (e) (Count Five); and Possession of Child Pornography, in

11   violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count Six).  Those charges arose from

12   Defendant's conduct with Minor Victim 1, who is from Spokane, Washington.

13   In August 2018, Defendant was charged in Spokane County Superior Court with

14   Rape of a Child in the Third Degree, in violation of RCW § 9A.44.079 (Count One);

15   and Child Molestation in the Third Degree, in violation of RCW § 9A.44.089 (Count

16   Two).  Those charges arise from Defendant's conduct with Minor Victim 2, who is

17   from Moses Lake, Washington.

18   Defendant wishes to resolve all of these federal and state charges as part of a

19   single, global resolution.  The United States Attorney's Office for the Eastern District of

20   Washington and the Spokane County Prosecutor's Office agree to such a resolution, as

21   set forth herein.

22   1.    Guilty Plea and Maximum Statutory Penalties

23   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to

24   plead guilty to Counts One and Two of an Information Superseding Indictment

25   charging him Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e)

26   (Count One), and Online Enticement of a Minor, in violation of 18 U.S.C. § 2422(b)

27   (Count Two).

28

EGLET GLOBAL PLEA AGREEMENT – 2

1  Defendant understands that the charge in Count One, Production of Child
2  Pornography, is a Class B felony.  Defendant understands that the maximum penalty for
3  this charge is 30 years in prison, and that the Court must impose a mandatory minimum
4  sentence of no fewer than 15 years in prison.  Defendant understands that he will also
5  be subject to a fine of up to $250,000; a term of supervised release that will be at least 5
6  years, and may be up to a lifetime; restitution; a $100 special penalty assessment, and
7  registration as a sex offender.  Defendant also understands that absent a finding of
8  indigence by the Court, he will be subject to a $5,000 special assessment, pursuant to
9  the Justice for Victims of Trafficking Act of 2015.

10  Defendant understands that the charge in Count Two, Online Enticement of a
11  Minor, is a Class A felony.  Defendant understands that the maximum penalty for this
12  charge is life in prison, and that the Court must impose a mandatory minimum sentence
13  of no fewer than 10 years in prison.  Defendant understands that he will also be subject
14  to a fine of up to $250,000; a term of supervised release that will be at least 5 years, and
15  may be up to a lifetime; restitution; a $100 special penalty assessment per count, and
16  registration as a sex offender.  Defendant also understands that absent a finding of
17  indigence by the Court, he will be subject to a $5,000 special assessment per count,
18  pursuant to the Justice for Victims of Trafficking Act of 2015.

19  Accordingly, Defendant understands that if Defendant were sentenced
20  consecutively on all of his federal charges, he would face a maximum sentencing
21  exposure of a lifetime in prison, a lifetime of supervised release, a fine of up to
22  $500,000, restitution, $200 in standard special assessments, and $10,000 in Special
23  Assessments pursuant to the Justice for Victims of Trafficking Act of 2015.

24  Defendant further understands that a violation of a condition of his federal
25  supervised release carries an additional penalty of re-imprisonment for all or part of the
26  term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time
27  previously served on post-release supervision.  Defendant also specifically understands
28  that he will be required to pay restitution and register as a sex offender.

EGLET GLOBAL PLEA AGREEMENT – 3

2. <u>The Court is Not a Party to the Agreement</u>

Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Defendant understands that sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States or Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maxima stated in this Plea Agreement.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is 270 months in custody (22.5 years), to be followed by a term of supervised release between 20 years and a lifetime. The United States and Defendant agree to make those sentencing recommendations to the Court.

Pursuant to this Plea Agreement, the Spokane County Prosecutor's Office agrees to dismiss all pending criminal charges against Defendant, and not to file new charges arising from conduct by Defendant that occurred prior to the date that Defendant enters a guilty plea in United States District Court on the charges set forth herein, so long as the conduct giving rise to those charges was known to the Spokane County Prosecutor's Office at the time Defendant enters a guilty plea in the above-captioned case.

Defendant understands that this Plea Agreement does not limit any law enforcement agency or prosecuting authority from investigating and/or charging Defendant with any new criminal conduct or violations of Supervised Release that arise during or after his incarceration on these charges. Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will ultimately impose. Defendant understands that the Court is required to consider the applicable Sentencing Guidelines range, but may depart upward or downward.

1    Defendant acknowledges that this Plea Agreement is entered pursuant to Fed. R.

2    Crim. 11(c)(1)(C).  Defendant understands that he may withdraw from this Plea

3    Agreement if the Court imposes a term of imprisonment greater than 270 months.

4    Defendant also understands that the United States may withdraw from this Plea

5    Agreement if the Court imposes a term of imprisonment of less than 270 months or a

6    term of supervised release less than 20 years.

7    Defendant acknowledges that if either the United States or Defendant

8    successfully withdraws from this Plea Agreement, the Plea Agreement becomes a

9    nullity, and neither the United States, nor the Spokane County Prosecutor's Office are

10    bound by any representations within it.

11    The United States and Defendant acknowledge that the imposition of a fine,

12    restitution, or conditions of supervised release are not part of the Rule 11(c)(1)(C)

13    nature of this Plea Agreement; that the United States and Defendant are each free to

14    make any recommendation they deem appropriate as to the imposition of a fine,

15    restitution, or conditions of supervised release; and that the Court will exercise its

16    discretion with regard to the imposition of a fine, restitution, or conditions of supervised

17    release.  Defendant acknowledges that he may not withdraw from this Plea Agreement

18    based on the Court's decisions regarding a fine, restitution, or conditions of supervised

19    release.

20    3.    Effect on Immigration Status

21    Defendant recognizes that pleading guilty may have consequences with respect to

22    his immigration status if he is not a citizen of the United States.  Under federal law, a

23    broad range of crimes may be removable offenses, including the offense to which

24    Defendant is pleading guilty.  Removal and other immigration consequences are the

25    subject of a separate proceeding, however, and Defendant understands that while

26    deportation and/or removal appears to be a virtual certainty if he is not a citizen of the

27    United States, no one, including his attorney or the District Court, can predict with

28    absolute certainty the effect of his conviction on his immigration status.  Defendant

EGLET GLOBAL PLEA AGREEMENT – 5

nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

4.    Waiver of Constitutional Rights

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

     a.    The right to a jury trial;

     b.    The right to see, hear and question the witnesses;

     c.    The right to remain silent at trial;

     d.    The right to testify at trial; and

     e.    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.  Defendant specifically waives his right to challenge the constitutionality of any of the statutes of conviction.

5.    Elements of the Offenses

*Count One: Production of Child Pornography*

To convict Defendant of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), the United States would have to prove the following elements beyond a reasonable doubt:

     a.    *First*, between on or about July 4, 2018, and on or about August 23, 2018, within the Eastern District of Washington, Defendant employed, used, persuaded, induced, coerced or enticed a minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;

     b.    *Second*, at the time of Defendant's conduct, Minor Victim 1 was a minor, that is, she had not attained the age of eighteen years; and

EGLET GLOBAL PLEA AGREEMENT – 6

c.  *Third*, such visual depiction was produced using materials that had been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer.

### Count Two: Online Enticement of a Minor

To convict Defendant of Online Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), the United States would have to prove the following elements beyond a reasonable doubt:

a.  *First*, on or about June 5, 2018, within the Eastern District of Washington, Defendant knowingly persuaded, induced, enticed, or coerced Minor Victim 2 to engage in sexual activity;

b.  *Second*, Defendant did so by communicating with Minor Victim 2 using the Internet, which is a means and facility of interstate and foreign commerce;

c.  *Third*, Minor Victim 2 had not attained the age of eighteen years; and

d.  *Fourth*, the sexual activity was one for which a person could be charged with a criminal offense.

6.  Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty plea.

This factual basis and statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the Guidelines computation or sentencing, unless otherwise prohibited in this Agreement.

EGLET GLOBAL PLEA AGREEMENT – 7

1  <u>Summary of Facts</u>

2      Beginning in May 2018, and continuing through at least August 23, 2018, within

3  the Eastern District of Washington, Defendant knowingly engaged in federal child

4  exploitation offenses with Minor Victim 1, who was 14 years old at the time, and Minor

5  Victim 2, who was 15 years old at the time.   Defendant acknowledges that the Internet

6  is a means and facility of interstate and foreign commerce, and that all communications

7  that use the Internet affect interstate commerce.

8      Defendant acknowledges that he committed the federal crime of Production of

9  Child Pornography because he knowingly employed, used, persuaded, induced, enticed,

10  and coerced Minor Victim 1 to take part in sexually explicit conduct for the purpose of

11  producing visual depictions of that conduct, and that he used his white Samsung cellular

12  telephone, which was manufactured outside the State of Washington, to record himself

13  having sexual intercourse with Minor Victim 1.

14      Defendant acknowledges that he committed the federal crime of Online

15  Enticement because he used the Internet to persuade, induce, entice, and coerce Minor

16  Victim 2 to engage in sexual intercourse with him, which is an activity for which

17  Defendant could be charged with a crime under Washington law.

18  <u>Defendant's Child Pornography Production Conduct</u>

19      Beginning in the summer of 2018, Defendant used Snapchat to reach out to

20  Minor Victim 1, who was then 14 years old.  Minor Victim 1 told Defendant that she

21  was 14 years old; Defendant told Minor Victim 1 that he was younger than his true age

22  of 29 years old.  When Minor Victim 1 told Defendant that she was going to start taking

23  classes as a freshman at a high school in Spokane that fall, Defendant told Minor

24  Victim 1 that he went to that school.  In fact, Defendant was an assistant football coach

25  at that school.

26      On or around July 4, 2018, Defendant made arrangements to meet up with Minor

27  Victim 1 in person to engage in sexual activity at the parking lot of a Catholic church in

28  Spokane.  Based on Defendant's statements to Minor Victim 1, she believed she would

EGLET GLOBAL PLEA AGREEMENT – 8

1  be meeting someone younger than 29 years old, Defendant's true age. Minor Victim 1

2  told Defendant that she was uncomfortable and wanted to leave, but Defendant

3  convinced her to stay and engage in sexual intercourse with him.

4      Following that first interaction, Defendant used the Internet to request that Minor

5  Victim 1 send him images of herself naked, including images depicting her

6  masturbating and lewd and lascivious images of her genitalia. Minor Victim 1 sent

7  Defendant the images he requested. Defendant also met up with Minor Victim 1 twice

8  or three times a week until August 2018, and Defendant engaged in oral sex, vaginal

9  sex, or both, with Minor Victim 1 each time they met.

10      On August 23, 2018, Defendant engaged in sexual intercourse with Minor Victim

11  1 in a house in Spokane. Defendant recorded that sexual conduct on his white Samsung

12  cellular telephone, including lewd and lascivious images of Minor Victim 1's genitalia.

13  Defendant acknowledges that his cellular telephone was produced outside the state of

14  Washington, and therefore, he produced images of child pornography of Minor Victim

15  1 using materials that had been mailed or shipped or transported in and affecting

16  interstate or foreign commerce by any means.

<u>Defendant's Online Enticement Conduct</u>

18      In May 2018, Defendant used Snapchat to reach out to Minor Victim 2, who was

19  then 15 years old. Snapchat is an online-based digital application that allows users to

20  communicate and send images back and forth using the Internet. Defendant added

21  Minor Victim 2 as a "friend" on snapchat. Minor Victim 2 did not know who

22  Defendant was.

23      Defendant knowingly misrepresented his age to Minor Victim 2 by telling her

24  that he was younger than 29 years old, his true age. Minor Victim 2 told Defendant that

25  she was 15 years old and attended high school in Moses Lake, Washington.

26      On June 5, 2018, Minor Victim 2 stayed the night with her aunt at Northern

27  Quest Hotel & Casino, within the Eastern District of Washington. While Minor Victim

28  2 was at Northern Quest, Defendant communicated with her via Snapchat and text

EGLET GLOBAL PLEA AGREEMENT – 9

messages, each of which use the Internet to facilitate online communications. In those communications, Defendant knowingly persuaded, induced, enticed, and coerced Minor Victim 2 to engage in sexual activity with him. Minor Victim 2 met Defendant in the hallway between the hotel lobby and the parking garage. Defendant took Minor Victim 2 to his car, which was in the casino parking lot, and engaged in penetrative vaginal sexual intercourse with Minor Victim 2.

Defendant acknowledges that he used the Internet to entice Minor Victim 2 to engage in sexual intercourse, which is conduct for which Defendant could be charged with a crime, namely, Rape of a Child in the Third Degree, in violation of the Revised Code of Washington, Section 9A.44.079.

7.    Agreements To Dismiss and Not File Additional Charges

The United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutors' Office agree not to bring additional charges against Defendant based on information in their possession at the time of this Plea Agreement, unless Defendant breaches this Plea Agreement prior to sentencing in this case.

Defendant understands that the United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutors' Office are each free to criminally prosecute Defendant for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement, so long as that conduct was not known to the United States Attorney's Office for the Eastern District of Washington and/or the Spokane County Prosecutors' Office, respectively, on the date that Defendant enters into a federal guilty plea based on this Plea Agreement.

At sentencing, the United States agrees to dismiss the underlying Indictment, which charges Defendant with the following:

a.    Online Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count One);

b.    Sex Trafficking by Force, Fraud, or Coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1) (Count Two);

EGLET GLOBAL PLEA AGREEMENT – 10

c. Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (Count Three);

d. Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Count Four);

e. Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count Five); and

f. Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count Six).

At or after the time of sentencing in Defendant's federal case, the Spokane County Prosecutor's Office agrees to dismiss the following currently-pending charges in Spokane County Superior Court:

a. Rape of a Child in the Third Degree, in violation of RCW § 9A.44.079 (Count One); and

b. Child Molestation in the Third Degree, in violation of RCW § 9A.44.089 (Count Two).

8. <u>United States Sentencing Guideline Calculations</u>

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine his applicable sentencing guideline range at the time of sentencing.

Defendant understands that the United States is free to make any arguments regarding the application and effect of the United States Sentencing Guidelines, without limitation. Specifically, Defendant understands that the United States anticipates making the following arguments regarding Defendant's Guidelines calculations.

a. <u>Base Offense Level and Enhancements Under Chapters 2 and 3</u>

The United States anticipates arguing that the following offense level and enhancement calculations apply:

*Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e):*

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Child Pornography Production | 32 | U.S.S.G. § 2G2.1(a) |
| Victim Between 12-16 years old | +2 | U.S.S.G. § 2G2.1(b)(1) |
| Sexual act and sexual contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Knowing Distribution of Images from Victim to Defendant | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Use of a computer to solicit participation | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Total | 40 | |

*Online Enticement, in violation of 18 U.S.C. § 2422(b):*

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Attempted Enticement | 28 | U.S.S.G. § 2G1.3 |
| Knowing Misrepresentation of Defendant's Age | +2 | U.S.S.G. § 2G1.3(b)(2) |
| Use of a Computer | +2 | U.S.S.G. § 2G1.3(b)(3) |
| Commission of a Sex Act | +2 | U.S.S.G. § 2G1.3(b)(4) |
| Total | 34 | |

      b.   <u>Grouping Analysis Under U.S.S.G. § 3D1.4</u>

The United States anticipates arguing that Defendant's two counts of conviction do not group, because they involved different victims, and that the offense levels for those counts are 40 and 34, respectively. *See* U.S.S.G. §§ 2G2.1(d)(1), 2G1.3(d)(1), 3D1.2(d). The United States anticipates arguing that Defendant accrued 1.5 Units, which results in a 1-level increase to Defendant's highest offense level, pursuant to U.S.S.G. § 3D1.4. Accordingly, the United States anticipates arguing that Defendant's highest offense level of 40 is increased by 1 level, yielding an offense level of 41, prior to any reduction for acceptance of responsibility or any adjustments pursuant to Chapter 4. U.S.S.G. § 3D1.4.

      c.   <u>Repeat and Dangerous Sex Offender</u>

The United States anticipates arguing that Defendant's Offense Level is increased by an additional five (5) levels because he is a Repeat and Dangerous Sex Offender pursuant to U.S.S.G. § 4B1.5(b)(1), based on the following analysis.

EGLET GLOBAL PLEA AGREEMENT – 12

Each of Defendant's offenses of conviction is a "covered sex crime" under U.S.S.G. § 4B1.5(b)(1) because each offense is an "offense, perpetrated against a minor" under 18 U.S.C. §§ 2251(a), (e) and 2422(b), which arise under Chapter 110 and 117 of the United States Code, respectively, and they are not crimes of transmitting information about a minor or filing a factual statement about an alien individual. U.S.S.G. § 4B1.5, App. Note 2.

Defendant also engaged in a pattern of activity involving prohibited sexual conduct with a minor by engaging on at least two occasions in "prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5, App. Note 4(B)(i). For purposes of subsection (b) of U.S.S.G. § 4B1.5, "prohibited sexual conduct" includes "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)" as well as "the production of child pornography[.]" U.S.S.G. § 4B1.5, App. Note 4(A).

Defendant's recording of himself having sexual intercourse with Minor Victim 1 at his parents' home constitutes "the production of child pornography" and Defendant's online enticement of Minor Victim 2 qualifies as an offense described in 18 U.S.C. § 2426(b)(1)(A) because it arises under Chapter 117 of the United States Code. U.S.S.G. § 4B1.5(b)(1), App. Notes 1, 2, and 4, and 18 U.S.C. § 2426(b)(1)(A).

        d.   <u>No Other Agreements</u>

The United States and Defendant are each free to seek and recommend additional sentencing Guidelines enhancements, departures, and downward or upward variances, so long as their final sentencing recommendations to the Court include a recommendation of 270 months of incarceration, as set forth in this Rule 11(c)(1)(C) Plea Agreement.

Defendant understands that the United States may raise arguments and seek sentencing increases based on Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and all of Defendant's relevant conduct.

1

e.    <u>Acceptance of Responsibility</u>

2    If Defendant pleads guilty and demonstrates a recognition and an affirmative

3  acceptance of personal responsibility for the criminal conduct; provides complete and

4  accurate information during the sentencing process; does not commit any obstructive

5  conduct; accepts this Plea Agreement; and signs and provides this Plea Agreement for

6  filing with the court prior to February 12, 2020, the United States will move for a three-

7  level downward adjustment in offense level for his timely acceptance of responsibility,

8  pursuant to U.S.S.G. § 3E1.1(a) and (b).

9    Defendant and the United States agree that the United States may at its option

10  and upon written notice to Defendant, not recommend a three-level downward

11  reduction for acceptance of responsibility if, after his guilty plea but prior to the

12  imposition of sentence, he is charged or convicted of any criminal offense or tests

13  positive for any controlled substance.

14

f.    <u>United States' Calculation of the Guidelines</u>

15    The United States anticipates arguing that Defendant's base offense level,

16  enhancements, and adjustments yield an overall offense level of 43 under the United

17  States Sentencing Guidelines.  Defendant understands that based on its calculations, the

18  United States anticipates recommending that the Court conclude that Defendant's

19  Guidelines range is life in prison.

20

g.    <u>Criminal History</u>

21    The United States and Defendant understand that Defendant's criminal history

22  computation is tentative and that ultimately Defendant's criminal history category will

23  be determined by the Court after review of the Presentence Investigative Report.  The

24  United States and Defendant have made no agreement and make no representations as

25  to the criminal history category, which will be determined after the Presentence

26  Investigative Report is completed.

27

28

9. <u>Incarceration</u>

The United States and Defendant agree that this plea agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that the appropriate disposition of the case is a sentence of 270 months of incarceration, to be followed by a period of supervised release between 20 years and a lifetime. The United States and Defendant each agree to recommend a sentence within those parameters.

The United States understands that Defendant will seek, and the Court may recommend, that the United States Bureau of Prisons give Defendant credit for time he has served in state custody. The United States agrees not to object to any such recommendation by the Court.

10. <u>Supervised Release</u>

The United States and Defendant each agree to recommend that the Court impose a period of supervised release between 20 years and a lifetime, and that Defendant's terms of supervised release will include the following special condition, in addition to the standard conditions of supervised release and the special conditions of supervised release that are imposed in all child sex offender cases in this District:

  a. Defendant shall not contact, in any manner, any identified victim in this case, nor any person with whom Defendant communicated online while that person was a minor. Defendant acknowledges that this condition is the equivalent of a state court keep-away order.

  b. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

  c. Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This

EGLET GLOBAL PLEA AGREEMENT – 15

includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

11. <u>Criminal Fine</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and agrees to provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Defendant agrees that pursuant to the JVTA, an additional mandatory special assessment of $5,000 must be imposed upon conviction, absent a judicial finding of indigence.

13. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14.    <u>Restitution</u>

The United States and Defendant agree that restitution is required. *See* 18 U.S.C. §§ 2248, 2259, 3663A, and 3664. Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay the agreed-upon restitution amount for all losses to all victims caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

a.    <u>Restitution Amount and Interest</u>

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing. The United States and Defendant agree that interest on this restitution amount, if any, should be waived.

b.    <u>Payments</u>

To the extent that the Court orders restitution, the United States and Defendant agree that the Court will set a restitution payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

c.    <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m).

EGLET GLOBAL PLEA AGREEMENT – 17

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, parent, nominee, or third party. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

      d.   Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis to withdraw his guilty pleas, withdraw from this Plea Agreement, or appeal his convictions, sentence, or restitution order.

      15.   Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title, and interest he has in the following listed assets to the United States, including but not limited to: one Samsung cellular telephone, model SM-G925V, ESN 990004867973616.

Defendant stipulates that he is the sole owner of the assets identified herein and that no one else has an interest in the assets.

EGLET GLOBAL PLEA AGREEMENT – 18

Defendant acknowledges that the assets listed above, which Defendant is agreeing to forfeit, are subject to forfeiture as property used or intended to be used in any manner or part to commit or to facilitate the commission the offenses to which Defendant is pleading guilty, pursuant to 18 U.S.C. § 2253 (Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count One)) and 18 U.S.C. § 2428 (Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count Two)).

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceedings. Defendant agrees to hold harmless all law enforcement agents and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this Plea Agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture. Defendant waives further notice of any federal, state, or local proceedings involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in this Plea Agreement.

16.    Notice of Sex Offender Registration

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school.

EGLET GLOBAL PLEA AGREEMENT – 19

Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student. Defendant understands that Defendant must update Defendant's registrations not later than three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17.    Additional Violations of Law Can Void Plea Agreement

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, after Defendant's guilty plea and prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

18.    Waiver of Appeal Rights and Collateral Attack

Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal Defendant's sentence. Acknowledging this, Defendant knowingly and voluntarily agrees to waive all constitutional and statutory rights to appeal his conviction and sentence so long as the Court sentences Defendant within the terms of this Rule 11(c)(1)(C) Plea Agreement: 270 months of incarceration, to be followed by a term of Supervised Release between 20 years and the remainder of Defendant's lifetime.

Defendant's appellate waiver includes, but is not limited to, challenges to the following: the terms of this Plea Agreement, Defendant's guilty plea, venue, the amount of restitution ordered by the Court, any Guidelines enhancements applied by the Court, the reasonableness of the Court's sentence, any fine or Special Assessment imposed by the Court, any terms of supervised release imposed by the Court, and any statutes of limitation.

Defendant expressly waives Defendant's right to file any post-conviction motion attacking Defendant's mental competence, plea, conviction, and/or sentence, including

EGLET GLOBAL PLEA AGREEMENT – 20

1  motions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except

2  a motion based on ineffective assistance of counsel arising from information not now

3  known by Defendant and which, in the exercise of due diligence, could not be known

4  by Defendant by the time the Court imposes sentence.

5       Nothing in this Agreement shall preclude the United States from opposing any

6  post-conviction motion for a reduction of sentence or other attack of the conviction or

7  sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

8       19.   Withdrawal or Vacatur of Defendant's Plea

9       If Defendant successfully moves to withdraw or vacate his plea, dismiss the

10  underlying charges, or reduce or set aside his sentence on the counts to which he is

11  pleading guilty, then the following provisions will apply:

12       a.   This Plea Agreement shall become null and void;

13       b.   The United States and Spokane County may prosecute Defendant on

14            any count to which he has pleaded guilty;

15       c.   The United States and Spokane County may reinstate any counts

16            that have been dismissed, have been superseded by the filing of an

17            Information, or were not charged because of this Agreement;

18       d.   The United States and Spokane County may file any new charges

19            that would otherwise be barred by this Agreement;

20       e.   The United States and Spokane County may prosecute Defendant on

21            all available charges involving or arising from the incidents charged

22            in any charging instrument in this case or the case in Spokane

23            County;

24       f.   The decision to pursue any or all of these options is solely in the

25            discretion of the United States Attorney's Office and/or the

26            Prosecuting Attorney's Office for Spokane County;

27       g.   Defendant agrees to waive any objections, motions, and defenses he

28            might have to the United States' or Spokane County's decision

EGLET GLOBAL PLEA AGREEMENT – 21

about how to proceed, including a claim that the United States has violated Double Jeopardy; and

    h.    Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20.    <u>Global Disposition for Charged Conduct</u>

The Spokane County Prosecutor's Office agrees to dismiss, and not file, criminal charges against Defendant as set forth herein. Defendant acknowledges that if Defendant successfully withdraws from his federal guilty plea, all representations from the Spokane County Prosecutor's Office will be null and void. The Spokane County Prosecutor's Office makes no representations about prosecution of any future conduct by Defendant, or past criminal conduct that is not set forth in the factual basis of this Plea Agreement. The signature of Deputy Prosecuting Attorney for Spokane County on this Plea Agreement serves as confirmation of all representations from the Spokane County Prosecutor's Office.

21.    <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutor's Office, as set forth herein, and cannot bind other federal, state, or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

1                                  Approvals and Signatures

2       Agreed and submitted on behalf of the United States Attorney's Office for the

3  Eastern District of Washington.

4  William D. Hyslop

5  United States Attorney

6

7  _____       2/11/2020

     David M. Herzog                      Date

8  Assistant U.S. Attorney

9       Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

10  Larry Haskell

11  Spokane County Prosecuting Attorney

12

13  _____       2/11/2020

14  Melissa L. Varnix                       Date

15  Deputy Prosecuting Attorney

16       I have read this Plea Agreement and have carefully reviewed and discussed every

17  part of the agreement with my state and federal attorneys.  I understand and voluntarily

18  enter into this Plea Agreement.  Furthermore, I have consulted with my state and federal

19  attorneys about my rights, I understand those rights, and I am satisfied with the

20  representation of my state and federal attorneys in this case.  No other promises or

21  inducements have been made to me, other than those contained in this Plea Agreement

22  and no one has threatened or forced me in any way to enter into this Plea Agreement.  I

23  agree to plead guilty because I am guilty.

24

25  _____       2-12-20

     Charles Jay Eglet                 Date

26  Defendant

27

28

    EGLET GLOBAL PLEA AGREEMENT – 23

1       I have read the Plea Agreement and have discussed the contents of the agreement

2   with my client.  The Plea Agreement accurately and completely sets forth the entirety of

3   the agreement between the United States and my client.  I concur in my client's

4   decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason

5   why the Court should not accept my client's plea of guilty.

6

7

8   _____       2/12/2020

     Mr. Roger Peven                   Date

9   Federal Attorney for Defendant

10

11  _____       2/11/2020

     Ms. Jocelyn Cook                  Date

12  State Attorney for Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EGLET GLOBAL PLEA AGREEMENT – 24