Roger J. Peven
Law Office of Roger J. Peven
1408 W. Broadway
Spokane, WA 99201
Telephone: 509.323.9000
Email: rjpeven@gmail.com

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON
HONORABLE WM. FREMMING NIELSEN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>CHARLES JAY EGLET,<br><br>            Defendant | No. CR-19-086-WFN<br><br>DEFENDANT'S SENTENCING SUPPLEMENT<br><br>SENTENCING: JULY 16, 2020 AT 10:00 AM |

   TO:   William D. Hyslop, United States Attorney
           David M. Herzog, Assistant United States Attorney

   **I.    Sentencing Supplement:** Mr. Eglet, through his counsel, Roger J. Peven, hereby submits his response to the Final Presentence Investigation Report filed July 6, 2020and Sentencing Supplement.

Sentencing Supplement

**II.    Guideline Calculation:** Mr. Eglet, through counsel, has no objection nor correction to the Guideline Calculation found in Paragraphs 41-65 of the Presentence Investigation Report. (Hereafter PSIR)

**III.    Meeting With Presentence Investigative Report Author:** Following an initial delay in participating in an in-person interview with the PSIR author due to Covid-19 concerns, Mr. Eglet was interviewed at the Spokane County Jail with his attorney present.  He was able to verify the information contained in the original PSIR as well as provide additional information relevant to his current financial status.

**IV.    Ability To Pay a Fine:** Paragraphs 95-97 concludes that Mr. Eglet is indigent and has no assets to go towards the $5,000 fine he would be required to pay otherwise. Mr. Eglet has been in custody since August 24, 2018.   We urge the court not to impose this fine so that any resources Mr. Eglet obtains can be devoted to the court's restitution order.

**V.  Restitution:** Paragraphs 34 and 118 were amended from the original PSIR.  The victim (M.G.) of Count One provided a restitution request through her father.  Those are attached to the Final PSIR.  Mr. Eglet does not oppose the court ordering restitution based on the direct result of Mr. Eglet's conduct to include summer school, medical costs and lost guardian wages totaling $5,750.59.  There is no objection to the court adding to that total the $1,065 to be paid to the Crime's Victim Fund in the amount of $1,065.  The agreed amount, therefore, totals $6,815.59.

Sentencing Memorandum

Mr. Eglet does oppose the request for an additional $17,498.19 in restitution derived from college costs incurred by the victim's mother completing a college course in software design. This objection is not in any way intended to minimize or devalue the harm caused to the victim or her family by Mr. Eglet's conduct.

18 U.S.C. Sec. 2259 (3) outlines the victim losses subject to restitution. Item F. of that code section is pertinent in this question.

"**F.** any other loss suffered by the victim as a proximate result of the offense."

The government bears the burden of proof to prove, by a preponderance of the evidence, that this loss is appropriately ordered. 18 U.S.C. Sec. 3664 (e), *United States v. Kennedy* 643 F.3d 1251 (9th Cir. 2011).

First, Mr. Eglet submits that the cost of this completed course is not appropriately identified as a "loss" as envisioned by Sec. 2259. The course was completed and the benefit therefrom obtained. (See Certificate of Completion). Second, the cost of the course has not been shown as a "proximate result of the offense." Restitution can be ordered only if the person is a victim of the offense, that is one who is directly and proximately harmed by the defendant's commission in the offense and that the defendant is the "actual and proximate cause of the loss." See *United States v. Peterson,* 538 F.3d 1064,1068 (9th Cir. 2008).

While in some circumstances losses attributable to the victim's mother would her appropriate, here it is not. Mr. Eglet can identify no causal relationship between the cost of a completed college course

Sentencing Supplement

3

unrelated to the nature of the offense, and his criminal conduct.  This proposed restitution amount should be denied.

**VI.  Length of Term of Supervised Release.**  Pursuant to 18 U.S.C. Sec. 3583 (k), the term of supervised release that must be imposed is between 5 years and a life term.  Pursuant to the Plea Agreement, the government will ask the court to impose a life term of supervised release and Mr. Eglet may seek a 20 year term.

Without question the offenses of conviction and other relevant conduct describe a very serious and dangerous risk potentially posed by Mr. Eglet upon release from prison.  It is Mr. Eglet's sincere desire that he receive intensive and long-term counseling while imprisoned for the 270 months anticipated.  He will be in his 50's when released.  He will be subject to lifetime reporting as a sexual offender.  The conditions of supervised release outlined in the PSIR, and reviewed and approved by Mr. Eglet, provide intensive supervision. They also provide resources for Mr. Eglet's continued counseling and treatment.  Mr. Eglet is 30 years old and has never had any criminal conviction.  If the court imposes 20 years of supervision, Mr. Eglet will be in his 70's when that supervision would end.  If he does so without violation, he should be released from supervision.  If he violates, the court has discretion to add additional time of imprisonment and supervision.  A 20 year term of supervision adequately protects the public.

Sentencing Memorandum

**VII. Term of Incarceration:** The Plea Agreement results in a joint recommendation for a 270 month term of incarceration. Both the government and Mr. Eglet continue to believe this is the appropriate sentence. It required one and one half years of investigation and negotiations to reach this "global settlement." Nearly two years have passed since his arrest. Throughout this entire time until the present, Mr. Eglet has had an overriding goal: Take total responsibility for his conduct and do nothing to further traumatize the victims and their families. Not every similar case ends this way.

**VIII. Location of Incarceration:** Mr. Eglet is very determined to spend his lengthy term of incarceration in a location that provides appropriate counseling that is clearly needed. He also intends to take full advantage of drug counseling and vocational training. We ask the court to recommend placement in Englewood FCI in Littleton, Colorado where such programs are available.

**VIII. Conclusion:** Mr. Eglet is 30 years old. He has never before been convicted of any crime. He has a very distinguished and supportive family. As the letters submitted to the court demonstrate, the family has provided continuous support and love. They also have fully supported accountability for these most serious of offenses. In her remarkable letter to the court, M.G. ends by offering her forgiveness. Mr. Eglet intends to spend the rest of his life earning that forgiveness.

Sentencing Supplement

Respectfully Submitted this 14th day of July, 2020.

> s/ Roger J. Peven
> WA 6251
> Attorneys for Eglet
> Law Offices of Roger J. Peven
> 1408 W. Broadway
> Spokane, Washington 99201
> Telephone: (509) 323-9000
> Email: rjpeven@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: David Herzog, Assistant United States Attorney.

> s/ Roger J. Peven
> WA 6251
> Attorneys for Eglet
> Law Offices of Roger J. Peven
> 1408 W. Broadway
> Spokane, Washington 99201
> Telephone: (509) 323-9000
> Email: rjpeven@gmail.com

Sentencing Memorandum